No. 48—John H. Watson, executor of James C. Watson, deceased, plaintiff in error, *vs.* Wiley E. Jones, defendant in error.

A court cannot originate a case, or a motion, in vacation, and give judgment thereon, unless the authority is expressly conferred by law. But when a motion *originates*, during a regular term, and contains a provision for the further action of the court upon it, and for the rendering of its judgment in vacation, to be entered upon the minutes of the court, as of such term, such judgment so rendered in vacation is legal, and should be entered by the clerk accordingly.

This was an action originally brought in the Inferior Court of the county of Muscogee, at the instance of the defendant in error, against the plaintiff in error, who was then in life, as a joint and several maker of the note sued on, with one A. J. McAllister, payable to one James R. Jones, or bearer, for $1,732 86, dated Columbus, Ga. 25th December, 1841, and due one day after date, signed by McAllister on the face, and by the testator on the back—testator's signature being in the form of a blank endorsement. At the trial term, judgment was confessed, and an appeal taken by the testator, then in life, to the Superior Court. While the cause was pending on the appeal, the testator died; and afterwards the plaintiff in error, one of his executors, was made a party defendant in said cause, and filed his plea of *non-joinder* of the other executors named in the will against whom no *scire facias* had issued. The record does not disclose what action of the court was had on the plea of *non-joinder*. Afterwards, it appears that the plaintiff in error plead specially, that the said testator put his name upon said note, as a guarantor of the same, to answer for the default of the said McAllister, without any consideration for the same, and that said James R. Jones, the payee, after the said testator had put his name on said note, transferred and delivered the same to the defendant in error. Afterwards, at May Term, 1845, of the court below, an order was passed in said case, setting forth that the plaintiff below had failed to prosecute his suit, and ordering that he be *nonsuit*. Afterwards, in the same term, it was ordered that the judgment of *nonsuit*, aforesaid, should be suspended for further consideration by the court, and for its further order, to be entered in vacation as of the then term. Afterwards, at the November adjourned term, 1845, the members of the bar consenting to pass over, without trial, all the litigated business of the then term of the court, until the next regular term, it was ordered that all cases upon the several dockets, involving questions of litigation, or having defence thereto, stand continued generally ; and that all motions, exceptions, orders, pleas, and demurrers, which would be in order, or might be filed at the then term of the court, should be in order, and might be filed and taken at the next term. Afterwards, on the 13th day of December, 1845, the counsel for the plaintiff in error filed in the clerk's office of said court, the judgment made at chambers, November 18th, 1845, by the presiding judge, upon the rule *nisi*, which had been taken to set aside said judgment of *nonsuit*, by which judgment it was ordered that the rule should be discharged, and the nonsuit stand as the judgment of the court,

and to which was affixed the official signature of the presiding judge. The clerk of the court had omitted to enter the same upon the minutes of the court.

At May Term, 1846, of the court below, Judge Dougherty presiding in said term, the counsel for the defendant in error, moved the court to hear and determine the rule which had been taken as aforesaid, to set aside said judgment of nonsuit, notwithstanding the same had been adjudicated, and the rule discharged by the former presiding judge, in vacation, as aforesaid ; to which the counsel for the plaintiff in error objected.

Whereupon the court below decided that the said motion of counsel for defendant in error should be granted, and the court below proceeded to hear said motion. To which decision of the court below, the counsel for the plaintiff in error excepted, and assigned for error, that the court below gave judgment that it would hear and consider of the said rule, notwithstanding the same had been adjudicated and discharged by the former presiding judge of said court.

HENRY L. BENNING, for the plaintiff in error.

HINES HOLT, for the defendant in error, maintained,

1st. That the judge of the Superior Court has no power *over the minutes of the court in vacation*, conferred upon him by law, and cannot, in any manner, reserve or assume to himself such power.

2d. That the judge of the Superior Court, especially in cases at law, can make no final decision or adjudication of any cause in vacation.

3d. That the power assumed, to make such decision, and enter the same on the minutes of the court in vacation, as of May Term, 1845, even if such power existed, was not exercised, and was therefore nugatory and void, after the occurrence of the next succeeding term.

4th. That the minutes of the court showed the application for said rule *nisi* to have been so far heard and considered by the court at May Term, 1845, as to suspend the judgment of nonsuit, and was therefore undisposed of and unfinished business of May Term, 1845, upon which the court at May Term, 1846, was bound to act.

5th. That the paper writing purporting to be the decision of Judge Sturgis, was not a decision upon, or applicable to, said case. And that it was not a decision, in any manner published, entered, declared, or notified, of which the court, at May Term, 1846, could take judicial notice.

And in support of these positions, the counsel for the defendant in error submitted the following authorities :

*Prin. Dig.* 909–10–11, 419–20, 428, 439–40–41, 432, 541 ; 1 *Tidd's Prac.* 510, 511, 681, 1225 ; 2 *Tom. Law Dic.* 297 ; 1 *Tom. Law Dic.* title *Executions.*

*By the Court*—WARNER, Judge.

The facts in this case, as presented by the record before us, are substantially as follows : At the May Term of the Superior Court of Muscogee county, 1845, the defendant in error was nonsuited by the then presiding judge. During the same term of the court it was ordered, that the judgment of nonsuit aforesaid should be suspended for further consideration by the court ; and, for its further order, to be entered in vacation, as of this term. At the next November adjourned term of said court, it appears an order was passed, by the consent of the members of

the bar, that all motions, exceptions, orders, pleas, and demurrers, which would be in order, or might be filed, at the then term of the court, should be in order, and might be filed, and taken at the next term of the court. Afterwards, on the 13th day of December, 1845, the counsel for the plaintiff in error filed, in the clerk's office of said court, the paper mentioned in the record, which purports to be a rule *nisi,* calling on the plaintiff in error to show cause why the non-suit should not be set aside, and the case reinstated, on two grounds.

On the same paper on which the rule *nisi* is found, the following words are endorsed :

WILEY E. JONES  
     *vs.*            } Assumpsit and nonsuit.  
JOHN H. WATSON, Ex'r, &c. }

*At Chambers, November* 18*th,* 1845.

The defendants having shown cause, in obedience to the rule *nisi,* in the above case, and having duly considered the same, it is ordered, that the rule be discharged, and the nonsuit stand as the *judgment of the court.* Given under my official signature,

                                           JOSEPH STURGIS, Judge.

Received from Mr. Benning, the within document, this 13th day of December, 1845.                         B. BEASLY, Clerk.

At a subsequent term of said court, to wit, at May Term, 1846, the counsel for the defendant in error called the attention of the court to said paper, and prayed, that what purported to be a rule *nisi,* in behalf of the defendant in error, might then be heard and considered by the court, notwithstanding what purported to be the *decision* of Joseph Sturgis, judge of said court. Whereupon, the application, or prayer, of the counsel for defendant in error was granted, and the defendant in the court below ordered to show cause, at the then next succeeding term of the court, why the nonsuit, in said case, should not be set aside, and the same reinstated. To which decision of the court below the defendant below excepted ; and now assigns the same for error in this court. The motion made to the court at May Term, 1846, by the counsel for defendant in error, is, for the court to hear, and consider, what *purported* to be a rule *nisi,* in behalf of the defendant in error in said case. The legal character of that paper must be first settled. If it was not a rule *nisi,* granted by the presiding judge of the court, at the term the nonsuit was granted, by what means is the case kept in court ? If it was not a rule *nisi,* granted by the presiding judge, at the term of the court the nonsuit was granted, on what principle could the court, at May Term, 1846, make it the basis for its hearing, consideration, and adjudication ? We are of the opinion the paper has been recognized by the defendant in error, as a rule *nisi,* granted by the presiding judge, at the term the nonsuit was had : *declared to be such* under the *official* signature of the then presiding judge ; and acted on as such, by the court below, in entertaining the motion to set aside the nonsuit ; and we feel bound so to regard it. The main question presented for our consideration is, whether the case was in court at May Term, 1846, or whether it had been legally *adjudicated* before that time.

The record shows, that at May Term, 1845, the plaintiff, by the judgment of the court, was nonsuited. By that judgment, the case was out

of court. During the same term of the court, it was ordered, that the judgment of nonsuit should be *suspended*, for further consideration by the court, and for its (the court's) further order, in the case, to be entered in vacation, as of this May Term, 1845. It is upon this latter order the defendant in error relies, to keep the case in court. That it was competent for the court to pass the order, suspending the judgment of nonsuit, there can be no doubt. If the court had the legal jurisdiction and authority to pass the order, it had the authority to pass it, with such *limitations* and *restrictions* as, in its judgment, it might think proper to impose. The court could not originate a case, or a motion, in vacation, and give judgment thereon, unless the authority was expressly conferred by law.

But in this case, the motion did not originate in vacation; the motion was made during the session of the court, by offering the rule *nisi*, calling upon the adverse party to show cause why the nonsuit should not be set aside, on the grounds therein stated. The court did not grant the rule, but took further time to consider whether it would grant it or refuse it, and, in the mean time, passed the order suspending the judgment of nonsuit; declaring, at the same time, its further order in the case, when further considered by the court, was to be entered in vacation, as of the same term. Now, we are of the opinion, it was the duty of the clerk to have entered the judgment of the presiding judge, so made in pursuance of the order of the court, on further consideration of the motion, on the minutes of the court, when it was filed in his office, on the 13th Dec. 1845, as a part of the proceedings of May Term, 1845; and that the order passed by the court at that term, would have been his authority for doing so. He must be presumed to have known the order, and he must be presumed to have known the *official* signature of the presiding judge of the court whose officer he was. Indeed, the order expressly contemplates the decision of the presiding judge of the court, on the motion submitted, should be entered in vacation, as of May Term, 1845. But it may be said, the minutes of the court were made up, and signed by the presiding judge, before the decision was handed to the clerk. If the minutes were made up and signed, the presumption is, that the clerk who made them up, and the presiding judge who inspected them, knew of the order, which constituted a part thereof, and left sufficient space for the clerk to enter the decision, in pursuance of the order. The order which suspends the nonsuit, also provides for entering the further order of the court, in *vacation*. The whole order must be taken together. The defendant in error cannot be permitted to divide it, and appropriate that portion which suspends the nonsuit for his benefit, and reject the balance. If the order made by the court in term time, provided for the *suspension* of the judgment of nonsuit, it also provided for its *confirmation*, during the vacation; and, it appears, it was *fully confirmed* by the presiding judge, on the 18th day of November, 1845. In pursuance of the reservation made in the very order, under which the defendant in error claims to keep this case in court, the presiding judge discharges the rule *nisi*, and orders that the nonsuit stand as *the judgment of the court*. It was said at the bar, even admitting the court had the right to reserve, in the order, the entering its judgment in vacation, yet it was not exercised, and was void after the next succeeding term of the court. The decision of the presiding judge

of the court bears date 18th November, 1845, ordering the nonsuit to stand as the judgment of the court. At November adjourned term of the court, which was the next in order after the May Term, it was ordered by the court, by consent of the members of the bar, that all cases upon the several dockets, involving questions of litigation, or having defence thereto, stand continued generally; and that all motions, exceptions, *orders*, pleas and demurrers, which would be in order, or might be·filed at the then term of the court, should be in order, and might be filed and taken, at the next term. The decision of the presiding judge of the court was filed with the clerk, on the 13th day of December, 1845 ; and, as before stated, we think it was his duty to have entered it as of May Term, 1845. Indeed, we are of the opinion, the rights of the plaintiff in error cannot be prejudiced by the *failure of the clerk* to enter the decision, in pursuance of the order of the court. We are also of the opinion, it was the privilege of the plaintiff in error to have moved the court, at the first term, after the decision was filed, to have had it entered on the minutes of the court, as of May Term, 1845, in pursuance of the original order. From the best consideration we have been able to give this case, we are of the opinion, there was a judgment of nonsuit rendered by the court, at May Term, 1845, in favor of the plaintiff in error, and such must be the·legal effect of the action of the court thereon, as disclosed by the record ; and that the whole case was out of court, when the motion was made at May Term, 1846, to reinstate the same. Let the judgment of the court below be reversed.